UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21470-CIV-HUCK/O'SULLIVAN

TAMAR DIAMONDS, INC. and
YEHEZKEL NISSENBAUM,

    Plaintiffs,

v.

SPLENDID DIAMONDS, LLC
and SALOMON ZICHERMAN,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiffs' Emergency Motion to Confirm Arbitration Award Pursuant to 9 U.S.C. § 9 and for Temporary and Permanent Injunction of the State Court Action (D.E. # 1), and Defendants' Memorandum of Law in Opposition to Motion to Confirm Arbitration Award and for Injunction; Concurrent Motion to Dismiss Action (D.E. # 9).

Diamonds may be forever, but the business relationships underlying them can be short-lived. In this case, the conflict between the parties–diamond dealers–has been the subject of an industry arbitration and a state court proceeding, the results of which both parties variously contest. In light of a contractual forum selection provision requiring that suit be lodged in state court, and the parties' substantial participation in the state court proceeding, the matter should remain within the state court system. Accordingly, the Emergency Motion is denied and the Motion to Dismiss granted.

## FACTUAL AND PROCEDURAL HISTORY

In January of 2008, Plaintiffs Tamar Diamonds, Inc. and Yehezkel Nissenbaum entered into a business relationship with Defendants Splendid Diamonds, LLC and Salomon Zicherman. On February 1, 2009, Splendid executed two promissory notes in favor of Tamar, by virtue of which Tamar lent Splendid $550,000. Contemporaneously, Plaintiff Nissenbaum entered into a consultancy agreement with Defendant Splendid, and Defendant Zicherman entered into a consultancy agreement with Plaintiff Tamar. The consulting agreements contain a section entitled "Consent to Personal Jurisdiction and Venue," which states that "any judicial action brought by

either party . . . after exhaustion of the dispute resolution procedures set forth . . . above, shall be brought exclusively in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida."

At the time the parties entered into the agreements, the Plaintiffs were members of a diamond industry trade group known as the Diamond Bourse of Southeast United States, Inc. On June 30, 2008, the Defendants submitted a signed application to join the Bourse, which contained a clause stating that "[t]he signing of this application by the member shall constitute his agreement and the agreement of his corporation . . . to arbitrate all claims arising out of the diamond business in the arbitration tribunals of the Diamond Bourse." On February 5, 2009, the Bourse admitted the Defendants as members.

The Plaintiffs claim that by August of 2009, the Defendants had defaulted on their obligations. The Plaintiffs pursued relief with the Bourse by demanding that it arbitrate the matter. On September 9, 2009, the Defendants filed a complaint in Miami-Dade County Circuit Court seeking injunctive relief and attempting to enjoin the Bourse arbitration. On September 15, 2009, the Circuit Court denied the Defendant's motion for injunctive relief. At the subsequent Bourse arbitration, the Defendants appeared only to contest jurisdiction, and did not otherwise participate in the proceeding, which yielded an arbitral award in favor of the Plaintiffs.

On September 24, 2009, the Defendants filed an amended complaint in the state court action, seeking to have the arbitration award vacated. On October 27, 2009, the Plaintiffs filed a motion to confirm the arbitration award in the same proceeding. The parties all participated in the state court proceeding through a March 29, 2010 ruling issued by a special magistrate which found in favor of the Defendants. Disappointed with the magistrate's ruling, Plaintiffs petitioned this Court for confirmation of the Bourse's arbitral award and injunction of the state court proceeding.

## LEGAL ANALYSIS

### A. The Contractual Forum Selection Provision Mandates Dismissal

The Defendants contend that the action must be dismissed because the forum selection clause contained in the consulting agreements requires that any suit be brought exclusively in the state Circuit Court. Plaintiffs do not adequately respond to this contention, substituting a titular declaration for legal argument. That is, while the text of a section's title in the Emergency Motion states that "The Arbitration Award must be confirmed in the United States District Court for the

Southern District of Florida," the cases that Plaintiffs proceed to cite only stand for the proposition that arbitration awards *may* be confirmed by federal courts. The corollary principle–assuming *arguendo*, as the Plaintiffs contend, that the Federal Arbitration Act applies to the instant action–is that "state courts have jurisdiction to hear cases arising under the Federal Arbitration Act." *Harbuck v. March Block & Co.*, 896 F.2d 1327, 1329 (11th Cir. 1990). There is no reason for this Court to second-guess the parties' consent to litigate in a state court of competent jurisdiction, and the Court will not do so.[1]

**B. The Federal-Anti Injunction Act Precludes The Relief Sought**

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Federal Arbitration Act–on which the Plaintiffs rely–does not "expressly authorize" a federal court to enjoin post-arbitration confirmation proceedings pending for some time in a state court of competent jurisdiction. *See Oglala Sioux Tribe v. C & W Enters., Inc.*, 607 F. Supp. 2d 1069, 1074 (D.S.D. 2009) (noting that the Federal Arbitration Act does not authorize a federal court to enjoin an ongoing post-arbitration state court enforcement proceeding). "Nor is an injunction necessary in aid of a federal court's jurisdiction when the same claim is being pursued simultaneously in a state court proceeding." *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006). Finally, this Court cannot take any action "to protect or effectuate its judgments" in this matter because it has issued none. *AK Steel Corp. v. Chamberlain*, 974 F. Supp. 1120, 1123 (S.D. Ohio 1997) ("[W]e have not issued . . . an order which would create a judgment which requires an injunction to effectuate or enforce it. Accordingly, the Anti-Injunction Act does not authorize an injunction under this exception."). As such, the Anti-Injunction Act precludes the relief which Plaintiffs seek. *See Holland v. Wachovia Sec., LLC*, No. 08-CV-1772 (WQH), 2008 WL 5103177 (S.D. Cal. Dec. 3, 2008) (on nearly identical facts, refusing to entertain post-arbitration action in federal court in light of state court proceeding on the same issue).

---

[1] By its decision, the Court is not nullifying or passing on the validity of the agreement to arbitrate as contained in the signed Bourse membership application. That application contains no provision regarding the appropriate venue in which to seek confirmation, modification or vacatur of an arbitral award, and thus is not inconsistent with enforcing the portion of the consulting agreements regulating that very issue.

### C. *Colorado River* Abstention Is Warranted

Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), "exceptional circumstances" may justify abstention from a federal action while parallel proceedings are pending in state court.

> The Colorado River doctrine requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998). Here, as noted at the May 6, 2010 telephonic hearing, the first, second, and fifth factors are neutral, but the third, fourth and sixth factors weigh heavily in favor of abstention in the form of dismissal of the action. The Circuit Court was first to exercise jurisdiction over the matter, and there is no indication that either the Circuit Court or the state appellate system is incapable of adequately protecting the rights of all parties. From October 27, 2009, when they filed a motion in state court to confirm the Bourse's arbitral award, through March 29, 2010, when the state magistrate issued a ruling on the matter, the Plaintiffs actively participated in the state proceedings. It was in the immediate aftermath of that adverse ruling that the Plaintiffs first sought this Court's intervention, a procedural history that strongly suggests impermissible engagement in forum shopping. *See Allied Machinery Serv., Inc. v. Caterpillar Inc.*, 841 F. Supp. 406, 410 (S.D. Fla. 1993) (abstaining where, *inter alia*, the case's "procedural history create[d] the impression that Plaintiff filed its federal action in pursuit of a more sympathetic forum"). Accordingly, the Court finds that such exceptional circumstances warrant dismissal. *See, e.g., NitGen Co. v. Secugen Corp.*, No. C 04-02912 JW, 2004 WL 1303929, at *6 (N.D. Cal. Oct. 12, 2004) ("In light of the time and resources invested in the underlying case by the state court and out of an abundance of caution to avoid inconsistent judgments over a single [arbitral] award, . . . the Court should not exercise jurisdiction to hear the petition.").[2]

---

[2] *Colorado River* abstention is more appropriate than dismissal under the *Rooker-Feldman* doctrine because it is not clear from the record whether a final judgment has issued. The Court notes, though, that if the state court has issued a final judgment, dismissal pursuant to *Rooker-Feldman* would be appropriate. *See American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 317 (4th Cir. 2003) (dismissing federal action which sought to compel arbitration after such relief was

**CONCLUSION**

For the foregoing reasons, the Emergency Motion is DENIED, and the Motion to Dismiss is GRANTED. Any request for attorneys' fees or costs shall be made by separate motion, memorandum of law and documentation.

DONE and ORDERED in Chambers, Miami, Florida, on June 11, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

---

explicitly denied by state court); *WM Fin. Servs. v. Jatoi*, No. CIV A 305-CV-0939-D, 2006 WL 2993242, at *1 (N.D. Tex. Oct. 17, 2006) ("Dissatisfied with the outcome of the state court proceeding, defendants seek to reopen the federal lawsuit . . . . [h]owever, the *Rooker-Feldman* doctrine bars defendants from collaterally attacking the state court judgment by relitigating the validity of the arbitration award.").