UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21470-CIV-HUCK/O'SULLIVAN

TAMAR DIAMONDS, INC. And
YEHEZKEL NISSENBAUM,
        Plaintiffs,

v.

SPLENDID DIAMONDS LLC and
SALOMON ZICHERMAN,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 15, 8/5/10).  This cause was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully considered the applicable filings and the law and having held a hearing in this matter, the undersigned respectfully recommends that the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 15, 8/5/10) be GRANTED in part and DENIED in part in accordance with this Report and Recommendation.

## BACKGROUND

The defendants filed the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 15, 8/5/10) on August 5, 2010.  The plaintiffs filed a response on October 8, 2010, (DE # 23, 10/8/10).  The defendants filed a reply on October 20, 2010, (DE # 24, 10/20/10).  The undersigned held a hearing in this matter on November 16, 2010.  The corporate plaintiff is now a debtor in bankruptcy, and the defendants only seek an award of fees against the non-debtor plaintiff, Nissenbaum.

The plaintiffs commenced this action on May 6, 2010, by filing the Petitioners' Emergency Motion to Confirm Arbitration Award Pursuant to 9 U.S.C. §9 and for Temporary and Permanent Injunction of the State Court Action (DE # 1, 5/6/10).  Judge Huck held a hearing in this matter on May 6, 2010.  On May 19, 2010, the defendants filed a Motion to Dismiss (DE # 9).  In an Order dated June 11, 2010, the District Court denied the Emergency Petition and dismissed the case (DE # 12).  The case was closed on June 17, 2010 (DE # 13).

## ANALYSIS

### I. Entitlement to Fees

The defendants seek fees in this matter based on the Consulting Agreement between the parties.  The defendants claim that the lead ground for the Court dismissing the plaintiffs' case with prejudice was a contractual provision requiring the case to be litigated in state court.  The second ground, according to the defendants, was that the injunction request was precluded by the Federal Anti-Injunction Act, 28 USC § 2283.  The defendants argue that the consulting agreement has a comprehensive prevailing party attorneys' fees provision which states:

> In any dispute between any party, whether in mediation, arbitration or litigation, the prevailing party shall be entitled to recover all reasonable costs incurred and the losing party shall pay all such reasonable costs, including, without limitation, attorney's fees, mediation costs, arbitration costs, court costs, appraisal costs, and the cost of all expert witnesses.

Consulting Agreement §7, p.5 (Exhibit 1 to the Motion).

The defendants claim that the consulting agreement is governed by Florida law,

2

under which attorneys' fees are to be awarded pursuant to a contractual agreement authorizing their recovery.  Under Florida law, according to the defendants, the prevailing party need not prevail on the merits to be the prevailing party, a dismissal on jurisdictional grounds confers prevailing party status.  In the Motion, the defendants also ask for fees for litigating the fee award.

The plaintiff argues that the defendants are not entitled to fees because the forum selection clause used by the defendants to have the case dismissed indicates that the case should be litigated in state court, and to entertain the fees motion in this Court would be ignoring the forum selection cause that the Court previously upheld. The plaintiff cites to cases that support this argument, including BioCapital, LLC v. BioSystem Solutions, Inc., 2009 WL 1815056 (Conn. Super. Ct. June 1, 2009), in which the Court declined to award legal fees because the Court, under the forum selection clause, declined to exercise jurisdiction over the contract that allowed for the fees.  Id at *7.  The plaintiff claims that the defendants cannot ask the court to use the forum selection clause when it suits them and ask the court not to use it when it does not suit them.

The plaintiff also argues that the defendants are not the prevailing party because the merits were not reached which is required for prevailing party status.  Moreover, the plaintiff claims that the amount of fees requested by the defendants is unreasonable because the hourly rates are too high and the number of hours spent working on the case are too high.

The defendants argue in the reply that the forum selection clause does not prohibit them from bringing the fees motion, and that the attorneys fees provision

3

applies to any dispute.  The defendants also reiterate that they are the prevailing party, and under Florida law, they need not prevail on the merits.  The defendants ask for additional fees incurred in litigating their entitlement to fees.

In support of their position, the defendants cite to <u>Jim Cooley Construction, Inc. v. North American Construction Corporation</u>, 46 F.3d 1151, 1995 WL 3973 (10th Cir. 1995), a case in which the district court refused to award attorneys fees to the defendant after the district court dismissed the case due to a forum selection clause contained in a contract between the parties.  The defendant in <u>Cooley</u> appealed the district court's ruling because the defendant had contended in the lower court that the provision allowing for fees was clear, and the district court denied fees because the defendant did not prevail on the contract dispute on the merits.  The defendant in <u>Cooley</u> argued that the language of the provision permitted fees if a party was required to obtain an attorney to enforce any part of the agreement.  The appellate court reversed the district court and found that the plaintiff put the defendant in the position of having to obtain an attorney in order to enforce a provision of the agreement, and found fees were appropriate.

Venue exists in this Court to award attorney fees in this matter even though the subject forum selection clause exists.  The undersigned finds that the Court is entitled to award attorneys fees in this case.  <u>Jim Cooley Construction, Inc. v. North American Construction Corporation</u>, 46 F.3d 1151, 1995 WL 3973 (10th Cir. 1995).

The undersigned agrees with the defendants and finds that the defendants are the prevailing party in this case.  Here, the Court found in favor of the defendants with respect to the dispute over the application of the forum selection clause, thereby,

4

conveying prevailing party status on the defendants in this matter.

In <u>Tradex Global Master Fund Spc Ltd., v. Palm Beach Capital Management, LLC</u>, 2010 WL 3323747 (S.D. Fla. 2010), the defendant Admiral's Motion for Attorneys' Fees and Costs against the plaintiffs was before the Court for determination.  In <u>Tradex</u>, the Court had dismissed defendant Admiral from the case because a forum selection clause contained in a subscription agreement between the parties gave the Cayman Islands exclusive jurisdiction over the case.  Thereafter, the defendant Admiral filed a motion for fees in the case, and argued that Admiral was entitled to recover fees in the District Court for the Southern District of Florida, because the plaintiffs brought the lawsuit in an incorrect forum, thereby entitling a collection of fees in the improper forum. The plaintiffs argued that Admiral was not entitled to fees because Admiral was not the prevailing party, and that Admiral could only seek fees, if at all, in the Cayman Islands. The Court in <u>Tadex</u> found "that the unambiguous effect of this clause compels us to deny Admiral's motion.  Permitting Admiral to enforce the agreement and collect attorney's fees and costs would be inconsistent with both the plain language of the parties' agreement and this Court's prior dismissal."  <u>Tradex</u> at *2.  The <u>Tradex</u> Court, like the Court in <u>BioCapital, LLC v. BioSystem Solutions, Inc.</u>, 2009 WL 1815056 (Conn. Super. Ct. June 1, 2009), declined to award fees because the Court found another Court was the proper venue for the matter to be heard.

The undersigned finds that the case here is distinguishable from <u>Tradex</u>.  The language in the contractual provision in this case is different from the language in the <u>Tradex</u> case, and the language here supports an award of attorneys fees.  The prevailing party attorney's fees provision states:

5

> In any dispute between any party, whether in mediation, arbitration or litigation, the prevailing party shall be entitled to recover all reasonable costs incurred and the losing party shall pay all such reasonable costs, including, without limitation, attorney's fees, mediation costs, arbitration costs, court costs, appraisal costs, and the cost of all expert witnesses.

Consulting Agreement §7, p.5 (Exhibit 1 to the Motion).

The clause regarding the consent to personal jurisdiction and venue states:

> Consultant and Company consent to personal jurisdiction and venue, for any judicial action brought by either party arising out of a breach or threatened breach of this Agreement, after exhaustion of the dispute resolution procedures set forth in paragraph 7 above, shall be brought exclusively in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Consultant and Company agree that any judicial action brought by either party, alone or in combination with others, against the other, whether arising out of this Agreement after exhaustion of the dispute resolution procedures set forth in paragraph 7 above, shall be brought exclusively in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Consulting Agreement §9, p.6 (Exhibit 1 to the Motion).

In accordance with the above-mentioned provisions, the undersigned finds that the language of both provisions support an award of attorneys fees in this case. The undersigned finds as such, because the prevailing party attorneys' fee provision of the Consulting Agreement (§ 7) indicates that the prevailing party is entitled to recover costs including attorney's fees "[i]n any dispute between any party", and the action brought by the plaintiffs in this Court constitutes "any dispute by any party". Moreover, the undersigned finds that because the plaintiffs brought this suit in a forum other than the forum delineated by the forum selection clause of the Consulting Agreement (§ 9),

6

the defendants were forced to defend this case in this Court, which entitles the defendants to collect the reasonable costs incurred in defending the law suit in this Court.  This Court is the proper venue for the defendants to seek fees and an award of attorneys fees in this Court is appropriate in this matter.

## II. REASONABLE AMOUNT OF FEES

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

1.   <u>Reasonable Hourly Rate</u>

The Court must first evaluate defendants' requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  <u>See</u> <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  <u>Blum v. Stenson</u>, 465 U.S. 886, 895, 104 S. Ct. 1541 (1984).

In determining the prevailing market rates the Court should consider several factors including the attorney's "customary fee; skill required to perform the legal

services properly; the experience, reputation and ability of the attorney; time limitations; preclusion of other employment; contingency; undesirability of the case; nature and length of professional relationship with the client, and awards in similar cases." Dillard v. City of Elba, 863 F. Supp. 1550, 1553 (M.D. Ala. 1993). Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. However, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Id. at 1303.

Here, the defendants' counsel requests a fee award of $28,922.50 for a total of 99.80 hours.[1] In the motion, the defendants request 31.60[2] hours for attorney Howard Camerik at a rate of $400.00 per hour (totaling $12,640.00), 3.0 hours for attorney Steven Lessne at a rate of $400.00 per hour (totaling $1,200.00), 21.20[3] hours for attorney Robert Tomassi at a rate of $250.00 per hour (totaling $5,300.00), 15.60 hours for paralegal Lori Politis at a rate of $150.00 per hour (totaling $2,340.00), and 1.0 hours for paralegal Danielle Goodacre-Cline at a rate of $135.00 per hour (totaling

---

[1] This requested amount of fees and hours is comprised of the fees requested in both the Motion and the Reply.

[2] The 31.60 hours is comprised of 25.6 hours recorded by Mr. Camerik through the time of the filing of the motion and 6.0 hours of anticipated time for the attorney fees proceedings.

[3] The 21.20 hours is comprised of 18.2 hours recorded by Mr. Tomassi through the time of the filing of the motion and 3.0 hours of anticipated time for the attorney fees proceedings.

$135.00).  In the reply, the defendants request 10.50 hours for attorney Howard
Camerik at a rate of $400.00 per hour (totaling $4,200.00), 3.40 hours for attorney
Robert Tomassi at a rate of $250.00 per hour (totaling $850.00), 4.20 hours for
paralegal Lori Politis at a rate of $150.00 per hour (totaling $630.00), and 9.30 hours for
attorney Shayna Freyman at a rate of $175.00 per hour (totaling $1,627.50).  The
plaintiff submitted an affidavit from W. Wyndham Geyer, Jr. in support of the
reasonableness of the fees sought in this matter (DE # 15-3, 8/5/10).

The plaintiff argues that the hourly rates are excessive and should be reduced.
In the Reply, the defendants do not address the reasonableness of the hourly rates
requested. The Court is generally familiar with the rates charged in the Southern District
of Florida.  While the Court recognizes that attorney Howard Camerik, attorney Steven
Lessne, and attorney Robert Tomassi are all skilled attorneys, hourly rates in excess of
$300.00 in this case are not warranted.  Accordingly, the Court finds that an hourly rate
of $300.00 for both attorney Howard Camerik and attorney Steven Lessne is
reasonable in this matter.  The undersigned further finds that an hourly rate of $175.00
for attorney Robert Tomassi and attorney Shayna Freyman is reasonable in this matter.
The undersigned finds that an hourly rate of $125.00 for the paralegals,  Lori Politis and
Danielle Goodacre-Cline, is reasonable in this case.

### 2. Hours Reasonably Expended

The Court must next evaluate the reasonableness of the total hours expended
by plaintiff's counsel.  The defendants request reimbursement for a total of 99.80 hours.
The defendants have supported the fee request by submitting itemized invoices

containing the date each task was performed, a description of the task and the amount of time spent. (DE # 239, 7/20/09).  The defendants also submitted an affidavit of an expert.

The Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). An attorney seeking to recover fees must keep accurate and current records of work done and time spent on a case.  See Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983).  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney", National Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. See Hensley, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded.  Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested.").

The undersigned finds that certain time entries submitted by the defendants are duplicative in nature, and that the fee request should be reduced by that amount of time.  In the motion, the defendants request "anticipated" time in the amount of 3.0 hours for attorney Robert Tomassi at a rate of $250.00 per hour (totaling $750.00) and 6.0 hours for attorney Howard Camerik at a rate of $400.00 per hour (totaling

$2,400.00), for a total amount of $3,150.00 for requested fees for anticipated time for

Mr. Tomassi and Mr. Camerik at the requested hourly rates of $250.00 and $400.00 per

hour respectively .  In the reply, the defendants request time for work done by these

attorneys after the filing of the motion.  The undersigned finds that the 3.0 hours

requested for Mr. Tomassi at $250.00 per hour ($750.00) and the 6.0 hours requested

for Mr. Camerik at $400.00 per hour ($2,400.00) in the Motion as anticipated time

should be eliminated from the attorney's fee award, because in the reply the defendants

request fees for the actual amount of time and work done by these attorneys.  The

undersigned finds a reduction of $3,150.00 for the anticipated time entries of Mr.

Camerik and Mr. Tomassi listed in the Motion appropriate, and recommends a

reduction of $3,150.00 from the $21,615.00 requested in the Motion.  In the discussion

to follow, the undersigned will consider the remaining amount of $18,465.00 requested

in the Motion, and apply the hourly rates recommended by the undersigned in this

Report and Recommendation.  In the reply, the defendants request on October 8, 2010,

0.30 hours for a time entry for Shayna Freyman, in the amount of $52.50[4].  This entry is

an entry for work done in a different case, and should be subtracted from the fee

request in the reply, reducing the total amount of fees requested in the reply to

$7,255.00 for the analysis below.[5]  Accordingly, the remaining analysis is based on a

---

[4] The undersigned recommends that the defendants be awarded the requested hourly rate for Shayna Freyman.

[5] The undersigned will consider the remaining amount of $7,255.00 requested in the Reply, and apply the hourly rates recommended by the undersigned in this Report and Recommendation.

total request for 90.50 hours in the total amount of $25,720.00[6].

The defendants request reimbursement for fees incurred litigating the attorneys fees issue in this matter.  The defendants argue that because the plaintiff contests the defendants' entitlement to fees, the fees the defendants incur in pursuing the motion for fees may be recovered by the defendants.  In support of this argument, the defendants cite to Schwartz v. High Q Seeds Corp., 2006 WL 1548385, *2 n.1 (S.D. Fla. 2006).

Footnote 1 in Schwartz reads in pertinent part as follows:

> Litigants are generally entitled to recover fees for time spent litigating a fee award, but counsel "should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation.' ' Thompson v. Pharm. Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir.2003) (quoting Hensley v. Eckerhart, 461 U .S. 424, (1983)).

The undersigned notes that Schwartz was a case heard in federal court regarding a federal statute, the Fair Labor Standards Act.

In State Farm Fire & Cas. Co. V. Palma, 629 So.2d 830 (Fla. 1993), a State Court case involving Florida Statute § 627.428, the Court found a party seeking fees may recover for the hours incurred in determining entitlement to fees, but may not recover for the hours spent determining the amount of fees.  See State Farm Fire & Cas. Co. V. Palma, 629 So.2d 830, 833 (Fla. 1993).  The Court held that "attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees."  Id.  The Court in Palma also stated that

> We recognize that federal courts that have addressed the

---

[6] This amount is prior to any recommended reduction of hourly rates being applied.

> issue have not distinguished between entitlement to
> attorney's fees and the amount of attorney's fees, but
> instead permit fees for the entire time spent on the issue.
> *See generally* Marguerite H. Davis & Judge James C.
> Hauser, *A Plea for Uniformity*, 64 Fla.B.J., Apr. 1990, at 33
> (reviewing both federal and state case law relating to the
> issue of whether a prevailing party may recover attorney's
> fees for litigating the issue of attorney's fees). In awarding
> fees for litigating all issues relating to attorney's fees, the
> federal courts have noted that such awards comport with the
> purpose behind most statutory fee authorizations, namely to
> encourage attorneys to represent indigent clients. *See, e.g.,*
> *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir.1978)
> (awarding fees in a Title VII class action).

Id.

The plaintiff does not address whether the defendants should be awarded fees

for litigating fees (entitlement or amount) in the Response.  The question arises as to

whether the Court should apply state or federal law with respect to the issue of litigating

the fees.  In the Motion for Fees filed by the defendants in this case, the defendants

argue that under Florida law a party need not prevail on the merits of an action in order

to be considered a prevailing party.  (See "Defendants' Verified Motion for Award of

Attorneys' Fees" at p. 3).  In doing so, the defendants rely on Florida law in support of

this proposition.  Moreover, in the Motion, the defendants state that the Consulting

Agreement is governed by Florida law.  (See "Defendants' Verified Motion for Award of

Attorneys' Fees" at p. 2).  Again, in doing so, the defendants rely on Florida law in

support of this proposition.  Accordingly, the undersigned finds that state law should

apply with respect to the issue of litigating the fees, and that the defendants are only

entitled to recover fees regarding the litigation of the entitlement to fees in this matter.

The question then arises as to how much time was spent in this matter litigating

entitlement to the fees and how much time was spent litigating the amount of fees.  In

13

analyzing this question, the undersigned turns to the Response to the Motion submitted by the plaintiff in this matter.  On October 8, 2010, the plaintiff submitted a 16 page Response to the Defendants' Verified Motion for Award of Attorneys' Fees.  In that 16 page Response, 2 pages are devoted to a certificate of service and a service list, leaving a text of 14 pages. Of the remaining 14 pages, the plaintiff spends approximately a total of two (2) pages discussing the unreasonableness of the defendants fees.  The remainder of the response is dedicated to discussing the issue of entitlement to fees by the defendants.  The undersigned finds this to be a good indicator that the majority of the time spent on the litigation of the fees issue in this matter was spent on the issue of entitlement, and very little was spent on the issue of amount.  In the undersigned's estimation, about 15% of the fees litigation in this matter was attributed to determining the amount of fees.  Accordingly, the undersigned recommends a 15% overall reduction in the fee award to the defendants, after the recommended reductions for time discussed below are made.

The plaintiff argues that the time entries submitted by the defendants in support of the motion, lack adequate documentation to support the requested fees. The plaintiff further states that many of the time entries consist of block billing "wherein multiple tasks which were allegedly performed in a given day are grouped together and assigned a large number of hours."  Response, (DE # 23 at p. 13).  The plaintiff also argues that "much of the work performed by paralegals is administrative work, which should have been performed by a legal secretary, and, thus, non-billable." Id. Moreover, the plaintiff argues that "there are no less than 40 of the 72.4 hours of time which list 'research' as part or all of the task performed."  Id.  The plaintiff argues that

14

this is unreasonable.  The defendants did not address these alleged shortcomings in the Reply submitted to the Court in this matter.

Upon independent review of the billing records that the defendants submitted to this Court, the undersigned finds that the time entries were contemporaneous, complete, standardized, and accurately reflect the work done by defense counsel. The undersigned finds, however, that in many instances, the time entries contain block billing, making it difficult to determine the amount of time spent on each task and whether the amount of time spent on each task is reasonable.  Approximately 30 time entries listed in the Motion and the Reply contain block billing entries, and the undersigned finds that some reduction is warranted.  The following excerpts from the defendants' billing records are provided in order to illustrate the inclusion of multiple tasks in the same entry without any breakdown of the actual time incurred for each task:

| Date | Time Keeper | Hours | Description |
|------|-------------|-------|-------------|
| 5/6/10 | HMC | 4.70 | Review new federal court proceedings, research, prepare for and conduct injunction hearing; telephone conference with S. Zicherman |
| 5/14/10 | HMC | 3.20 | Review of Tamer's supplement memorandum; research drafting; conference with R. Tomassi, Jr.; |

| 6/23/10 | HMC | 2.30 | Revise exhibit for attorneys' fees motion; conference with R. Tomassi re: case law on attorneys fees entitlement; drafting of attorneys' fees memorandum |
|---------|-----|------|----|

There are also paralegal charges for administrative and secretarial tasks for which the defendants should not be entitled to recover fees. These tasks include, for example, the upload of an incoming motion.  Accordingly, the undersigned finds that because tasks such as the upload of an incoming motion, are tasks secretarial in nature, the paralegal time should be reduced for these billing entries.  Because these tasks are listed in block billing entries combined with other billing entries that were not secretarial in nature, it is difficult to determine exactly how many paralegal hours were charged for administrative tasks.  The undersigned finds that an overall 20% reduction of the remaining requested fee amount is warranted for the block billing and secretarial tasks.

After the reduction of the hourly rates requested for attorneys Howard Camerik and Steven Lessne to $300.00 per hour, the reduction of the hourly rate requested for attorney Robert Tomassi to $175.00 per hour, the reduction of the hourly rate requested for the paralegals,  Lori Politis and Danielle Goodacre-Cline, to $125.00, and the reductions already made above for specific time entries, the requested amount of attorneys fees totals $19,685.00.  The chart below reflects the reductions.

16

| Timekeeper | Hours | Awarded Hourly Rate | Total |
|---|---|---|---|
| Camerik - Motion | 25.6 | $300.00 | $7,680.00 |
| Lessne - Motion | 3.0 | $300.00 | $900.00 |
| Tomassi - Motion | 18.2 | $175.00 | $3,185.00 |
| Politis - Motion | 15.6 | $125.00 | $1,950.00 |
| Goodacre-Cline - Motion | 1.0 | $125.00 | $125.00 |
| Camerik - Reply | 10.5 | $300.00 | $3,150.00 |
| Tomassi - Reply | 3.4 | $175.00 | $595.00 |
| Politis - Reply | 4.2 | $125.00 | $525.00 |
| Freyman - Reply | 9.0 | $175.00 | $1,575.00 |
| **Total** | 90.5 | | **$19,685.00** |

The undersigned recommends a 20% reduction of the $19,685.00 for the secretarial tasks and block billing, resulting in a fee award of $15,748.00.  As noted above in this Report and Recommendation, because the undersigned has determined that approximately 15% of the fees litigation in this matter is attributable to litigating the amount of fees, and the undersigned recommends that Florida law apply, which only permits for the recovery of fees regarding the entitlement to fees, the undersigned recommends a 15% reduction of the $15,748.00.  The 15% reduction of the $15,748.00 results in a recommended fee award of $13,385.80.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 15, 8/5/10) be **GRANTED in part and**

17

**DENIED in part** and that the defendants be awarded $13,385.80 in fees.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in chambers, in Miami, Florida, this 11th day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record